UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**EDITH MAZZONE**, individually,

        **Plaintiff,**

v.

**GORILLA COFFEE INC. d/b/a GORILLA COFFEE,** a New York for Profit entity, and **97 FIFTH AVENUE LLC**, a New York for Profit entity,

        **Defendants.**

Case No. _____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, EDITH C. MAZZONE, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendants 97 FIFTH AVENUE LLC and GORILLA COFFEE INC. d/b/a GORILLA COFFEE and for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

**I.**     **General Allegations Establishing Jurisdiction**

1. Plaintiff EDITH C. MAZZONE is an individual with a disability as defined by the ADA.

2. Plaintiff EDITH C. MAZZONE is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3. Notice prior to initiating suit is **not** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing since the ADA's enactment.

1

4. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The property at issue is located in Kings County, New York at 97 5th Avenue, Brooklyn (hereinafter "Property"). The Property owner/landlord of the premises listed in the New York property records is 97 FIFTH AVENUE LLC.

6. The Property is being operated as a commercial establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant GORILLA COFFEE INC. d/b/a GORILLA COFFEE (hereinafter "GORILLA COFFEE"), who is a tenant on Defendant 97 FIFTH AVENUE LLC's Property.

7. Venue properly lies in the Eastern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

## II. Plaintiff Mazzone

8. Plaintiff MAZZONE is a forty-eight (48) year old married woman who presently resides in Brooklyn, New York.

9. In 2007, Plaintiff MAZZONE started experiencing difficulty walking s a result of heart related problems. Later medical testing in August of 2011 would reveal Plaintiff MAZZONE has been and is suffering from arrhythmia and congestive heart failure.

10. Arrhythmia is a technical term for one having an irregular heartbeat. Congestive heart failure is a condition whereby one's heart does not pump blood as well as it should. Plaintiff MAZZONE received her Defibrillation Identification Card in August of 2011.

11. After experiencing persistent problems with her heart, Plaintiff MAZZONE developed osteomyelitis, which is an infection in the bone that travels through the bloodstream to nearby tissue.

12. In late 2013, as a result of Plaintiff MAZZONE's osteomyelitis, she started developing abscesses in the back of her legs that caused gangrene. In January of 2014, Plaintiff's leg was amputated as a result of the gangrene. She has been since been permanently disabled and confined to a wheelchair.

13. Plaintiff MAZZONE is married with three children and one grandchild. All of her family and extended family reside throughout New York.

14. Plaintiff MAZZONE commutes principally using the MTA/New York City Transit Bus System or special transportation services such as Access-a-Ride.

15. When Plaintiff MAZZONE was visiting GORILLA COFFEE she encountered architectural barriers at the Property precluding her from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing herself of, and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at GORILLA COFFEE equal to those afforded to other individuals.

### III. ADA Prohibits Barriers Impeding Access By Disabled Individuals

16. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

17. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New

Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that Property owners and operators of "commercial establishments" are jointly responsible for complying with these federal Accessibility Standards.

18. Defendants have and are continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities.

19. As a result of Defendant being continually non-compliant with the ADA, Plaintiff MAZZONE is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV. **GORILLA COFFEE**

20. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

21. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

22. A preliminary inspection of GORILLA COFFEE reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

    a) at least one accessible route to establishment not provided as required;

    b) required accessible means of egress not provided;

    c) inaccessible entrance as existing step leading to entrance acts as a barrier to accessibility without required ramp;

    d) required minimum maneuvering clearance not provided at entrance door;

e) inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

f) percentage of existing dining tables required to be accessible not provided;

g) inaccessible dining counter as height of dining counter exceeds maximum height allowance;

h) compliant signage identifying the restroom not provided as required;

i) required minimum clear width not provided at restroom door opening;

j) non-compliant door knob at restroom door requires twisting of the wrist;

k) inaccessible water closet in restroom as required minimum clear floor space not provided at water closet;

l) non-compliant distance of water closet from side wall;

m) required grab bar not provided at side wall of water closet;

n) non-compliant existing grab bar at rear wall of water closet does not meet minimum length requirement;

o) inaccessible toilet paper dispenser as non-compliant distance of toilet paper dispenser from water closet;

p) insulation of pipes under lavatory in restroom not provided as required;

q) inaccessible paper towel dispenser in restroom as mounted height of paper towel dispenser exceeds maximum height allowance;

r) inaccessible mirror located above lavatory as height of mirror exceeds maximum height allowance;

s)   failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

23. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

24. Plaintiff plans on returning to GORILLA COFFEE to avail herself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

25. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: DECLARATORY JUDGMENT

26. When Plaintiff MAZZONE visited GORILLA COFFEE on 97 FIFTH AVENUE LLC's Property she could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 22.

27. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

28. Defendants are denying Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce her rights.

29. As a result of Defendants continuously violating of Title III of the ADA Plaintiff MAZZONE has and is suffering actual harm in the form of personal injury, including humiliation and a sense of isolation and segregation, which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

30. A declaration that Defendants were in violation of the ADA at the time Plaintiff first suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant's compliance with the law.

31. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST GORILLA COFFEE

32. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 25 above as if set forth specifically herein.

33. GORILLA COFFEE is being operated as a place of public accommodation in violation of ADA.

34. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 22 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

35. Defendant continues to discriminate against Plaintiff and those similarly situated by operating GORILLA COFFEE and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

36. Modifications in Defendant GORILLA COFFEE's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

37. Said modification are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

38. Plaintiff is suffering true and actual harm by Defendant GORILLA COFFEE operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the

goods, services, facilities, privileges and/or accommodations available to the general public.

39. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

40. Plaintiff is without any adequate remedy and law.

41. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

42. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant;

    b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: INJUNCTIVE RELIEF AGAINST 97 FIFTH AVENUE LLC

43. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 25 above as if set forth specifically herein.

44. Defendant 97 FIFTH AVENUE LLC is the documented owner of the Property on which Defendant GORILLA COFFEE is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

45. Individuals confined to wheelchairs, including Plaintiff MAZZONE have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 22. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

46. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

47. The structural impediments set forth in paragraph 22 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

48. By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment

of the goods, services, facilities, privileges and/or accommodations available to the general public.

49. Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

50. Plaintiff is without any adequate remedy and law.

51. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

52. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    d.    Injunctive relief against Defendant;

    e.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    f.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on May 29, 2017.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009

12